[No. 26372. Department Two. November 30, 1936.]

PLYMOUTH COLLATERAL COMPANY, *Respondent*, v. FIRST NATIONAL BANK OF SEATTLE *et al.*, *Appellants*.[1]

*Edmund Stafford*, for appellants.
*Allen, Froude & Hilen*, for respondent.

[1]Reported in 62 P. (2d) 734.

TOLMAN, J.—This action was instituted to recover the aggregate amount of certain checks and money orders drawn to the order of the plaintiff, which, coming into the hands of its collector, were by him endorsed, cashed, and the proceeds converted to his own use. The case was tried to the court resulting in findings of fact to the effect that each item involved was purloined, stolen and embezzled by the collector, and that he, the collector, without any right or authority, purported to endorse each item and, when so endorsed, delivered it to the appellant Brattain Drug Company, from whom he received the cash value of the item. That the Brattain Drug Company deposited each item with the First National Bank of Seattle, which bank, notwithstanding the unauthorized endorsement, collected each item from the maker or drawer. A judgment in favor of the plaintiff followed the making of these findings, and from that judgment both of the defendants have appealed.

The unfaithful collector who purloined, endorsed and cashed the several items, is shown to have had no actual authority whatever to endorse and cash negotiable paper belonging to his employer, and no claim is made to the contrary. But it seems to be contended that the employee had implied authority, or that his acts were ratified, or that, in any event, the respondent was negligent in keeping him in its employ and in failing to effectively supervise his actions.

The burden was on the appellants to establish these defenses, and this, as we read the evidence, it failed to do. There is some evidence indicating that the respondent might have better supervised its employee and that it might have acted more promptly and more drastically when it first discovered that the employee had been dishonest; but negligence, unless it is such

as to imply authority or constitute ratification, is no defense in an action of this character.

The authorities upon which the appellants rely are distinguished in the case of *California Stucco Co. v. Marine Nat. Bank,* 148 Wash. 341, 268 Pac. 891, 67 A. L. R. 1531. That case and our previous case of *Coleman v. Seattle Nat. Bank,* 109 Wash. 80, 186 Pac. 275, 12 A. L. R. 108, decide every question here presented, and it would be idle to repeat here what was said there.

Finding no error, the judgment is affirmed.

MILLARD, C. J., HOLCOMB, BEALS, and MAIN, JJ., concur.